[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15795
Non-Argument Calendar

_____

Agency No. A098-715-211

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2009
THOMAS K. KAHN
CLERK

ZHOU ZHI LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 12, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Zhou Zhi Li, a native and citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") order denying asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Li concedes that he never suffered any past persecution by the Chinese government but contends that he has a well-founded fear of future persecution because he is a Falun Gong practitioner. After careful review, we AFFIRM the BIA's order and DENY the petition.

## I. BACKGROUND

Li was served with a notice to appear charging him with removability after he entered the United States on 18 December 2004 without being admitted or paroled by an immigration officer. Li conceded removability and applied for asylum, withholding of removal, and CAT protection.

At the administrative hearing, Li testified that his family was persecuted by the Chinese government because his parents violated the birth control policy. Specifically, Li claimed that his father was forcibly sterilized after having a second child. Nevertheless, Li's father had a third child and the government imposed a fine. Li's father then suffered some health problems which caused him to stop working. Li quit school and tried to find work. Unable to find a job, Li decided to

2

seek employment in the United States in order to support his family. A co-worker suggested that Li learn Falun Gong to improve his physical health. Li taught himself the Falun Gong exercises and practiced alone twice a week in his bedroom. Li believes that if he returns to China, he would be detained and beaten for practicing Falun Gong because it is banned in China.

In a written decision, the Immigration Judge ("IJ") found that Li's testimony generally corresponded to his asylum application information. The IJ determined that his father's treatment by the Chinese government for violating the family planning policy did not motivate Li to come to the United States nor entitle Li to asylum. With respect to Li's Falun Gong affiliation, the IJ found no evidence of past persecution. The IJ also concluded that Li's expressed fear of future persecution for practicing Falun Gong was not subjectively or objectively reasonable. Li had never been persecuted in China for practicing Falun Gong, and his situation differed from those who had been persecuted. According to Li's documentary evidence, the Chinese government abused Falun Gong followers who: (1) actively demonstrated against the government; (2) practiced publicly; or (3) were teachers or well-known leaders of the movement. In contrast, Li's practice of Falun Gong in the privacy of his bedroom did not fall into any of these categories. The IJ noted that the the 2005 Congressional Research Service Report

for Congress stated that the police would not interfere with people who practiced alone in their homes. Additionally, the court found no evidence that the persecution of Falun Gong members was country-wide and cited a 2004 United Kingdom report suggesting that Hong Kong has been very lax in enforcing the Falun Gong ban. Thus, the IJ denied Li's application for asylum based on the absence of past persecution or a well-founded fear of future persecution. The IJ also concluded that Li was ineligible for withholding of removal under the INA or CAT relief.

The BIA determined that credibility was not an issue on appeal because the IJ had not made an explicit adverse credibility finding. Regardless of Li's credibility, though, the BIA agreed with the IJ's conclusion that Li failed to establish a well-founded fear of future persecution or torture based on his Falun Gong association. The BIA therefore adopted and affirmed the decision of the IJ as to these issues. The BIA expressly found that the IJ considered Li's documentary evidence in evaluating Li's claim. In addition, the BIA noted that Li was not entitled to a presumption of a future fear of persecution given that he had experienced no past persecution for practicing Falun Gong.

In his petition for review, Li challenges the IJ and BIA's determination that he does not have a well-founded fear of persecution. Specifically, Li refutes the

4

IJ's finding that Li would be safe in China because he practices Falun Gong privately. Li asserts this finding was mere speculation and ignored the possibility that Li would practice in China with other Falun Gong followers. Li also submits that he qualifies for protection under the CAT because the Chinese government is certain to discover his Falun Gong affiliation and persecute him.[1]

## II. DISCUSSION

Where, as here, the BIA expressly adopts and affirms the IJ's decision and adds its own analysis, we review the IJ's decision as supplemented by the BIA. See Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1312 (11th Cir. 2006). All legal determinations are reviewed de novo. See Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1289 (11th Cir. 2006) (per curiam). Factual findings, however, are reviewed under a highly deferential substantial evidence test. See id. at 1289. This test requires us to affirm factual findings which are supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id. "[T]he IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id. at 1290 (quotation marks and citation omitted).

---

[1] Li makes no argument to us that the BIA erred in denying withholding of removal under the INA, apart from a general reference to the BIA's decision at the conclusion of his brief. Li has therefore abandoned this claim. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

The Attorney General or the Secretary of Homeland Security may grant asylum to an alien who meets the INA's definition of a "refugee":

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The alien must present specific, credible evidence showing: (1) past persecution based on a statutorily protected ground, or (2) a well-founded fear of future persecution due to a statutorily listed factor. Zheng, 451 F.3d at 1290.

In order to establish a well-founded fear of persecution, the alien bears the burden of showing the following: "(1) he fears persecution based on his membership in a particular social group, political opinion, or other statutorily listed factor; (2) there is a reasonable possibility that he will suffer persecution if removed to his native country; and (3) he is unable or unwilling to return to his native country because he fears persecution." Id. at 1291. This fear must be "both subjectively genuine and objectively reasonable." Id. An alien's credible testimony that he genuinely fears persecution may satisfy the subjective

6

component, while evidence of past persecution or a valid reason to fear future persecution can fulfill the objective component. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006) (per curiam). As an alternative to demonstrating that he would be singled out for persecution, an alien may show a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. See 8 C.F.R. § 208.13(b)(2)(iii).

Neither the INA nor the regulations define persecution. Our precedent mandates that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Zheng, 451 F.3d at 1290 (quotation marks and citation omitted). We concluded in Zheng that one's status as a Falun Gong practitioner does not require a finding of persecution. See id. at 1291-92. Zheng, a Falun Gong follower, was detained for five days, during which he was forced to watch anti-Falun Gong reeducation videos, stand in the sun for two hours, and sign a pledge to stop practicing Falun Gong. See id. at 1290-91. Zheng was also fired from his job, unable to find another job, and watched by local officials, who occasionally searched his parents' house. See id. at 1291. None of these circumstances rose to the level of persecution. See id. Additionally, Zheng could not show a well-founded fear of future persecution based on his Falun Gong

7

participation. See id. at 1291-92. According to the State Department's 2002 Country Report, the government focused on punishing the movement's core leaders. See id. Zheng was not a leader and he had lived for three years without harm or detention after relocating to his parents' rural village. See id. at 1292. We concluded that "[i]nvolvement with Falun Gong in China by itself does not entitle a person to asylum in the United States." Id.

As in Zheng, Li has failed to demonstrate a reasonable possibility that he will be subject to persecution if returned to China. Li does not dispute the IJ's finding that the Chinese government primarily targets Falun Gong leaders and teachers, public practitioners, or active demonstrators against the government. Nor does Li challenge the IJ's finding that Hong Kong has not strictly enforced the Falun Gong ban. Rather, Li submits that the IJ erroneously assumed that Li would continue to practice exclusively at home upon his return to China. Li contends that "[i]f given the opportunity, [he] would be expected to be welcomed by a practitioner group in China, and thus despite the dangers, to begin to practice with a group." Petitioner's Appeal Brief at 12. However, Li never testified at the hearing that he would practice with a group or outside his home if he returned to China. We are prohibited from finding or considering facts not raised in the administrative forum. See Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir.

8

2004) (en banc). Similarly, Li cites no evidence in the record to support his suggestion that he would be more harshly punished because he learned Falun Gong in the United States. Li's attempts to distinguish his situation from Zheng therefore fail.

Accordingly, we find that substantial evidence supports the IJ and BIA's determination that Li does not have a well-founded fear of future persecution. Li's private involvement with Falun Gong is insufficient to establish his eligibility for asylum. See Zheng, 451 F.3d at 1292. Because Li failed to meet the less stringent standard for asylum, his claim for CAT relief necessarily fails. See id.

## III. CONCLUSION

Based on the foregoing, we AFFIRM the BIA's judgment and DENY the petition for review.

**PETITION DENIED.**